UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., CSFB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-6,<br><br>Plaintiffs,<br><br>v.<br><br>DARRELL CANADA, LINDA M. CANADA, and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 1:14-cv-02004-LJO-GSA<br><br>**ORDER REMANDING ACTION TO STANISLAUS COUNTY SUPERIOR COURT**<br><br>(Doc. 1) |

## INTRODUCTION

Pro se defendant Darrell Canada ("Defendant") removed this case from the Superior Court of Stanislaus County on December 17, 2014, asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1). Defendant contends that he was served by plaintiffs with a notice which "expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201" and that removal of the action is thus warranted. *Id.*

## DISCUSSION

**A. The Court Must Address Subject Matter Jurisdiction *Sua Sponte***

A district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[ ] the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, must be "strictly

construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). As a result, any ambiguities should be resolved "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A defendant "bears the burden of establishing that removal is proper." *Marinduque*, 582 F.3d at 1087. Any defects in the Court's subject matter jurisdiction require remand; the duty to remand under 28 U.S.C. § 1447(c) is "mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

### B. Defendant Fails to Demonstrate that Subject Matter Jurisdiction Exists

Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000), quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). It is not enough to "show that a federal question lurks somewhere inside the parties' controversy." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Rather, courts must determine federal jurisdiction based solely on what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014

The record indicates that Defendant is named in a state court complaint seeking unlawful detainer relief arising under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Consequently, the Complaint contains no reference, express or otherwise, to any federal statute, regulation, or other federal law. (Doc. 1). Defendant cannot create federal jurisdiction through the mere invocation of a federal statute in his notice of removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue").

Defendant asserts that Plaintiff's claim is "based upon a notice which expressly references and incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201 (the "Act"). (Doc. 1). Defendant also states that he will be basing his defense against the Complaint on the provisions of that Act. But, as explained above, the face of the Complaint is devoid of any reference to this statute. *Id.* And the possibility that a federal statute may form a portion of a defense to a claim does not confer federal jurisdiction. *Caterpillar*, 482 U.S. at 393. Even if Defendant received a notice before the Complaint was filed that briefly referenced the Act, the Act does not form the basis of the Complaint.[1] The Act thus cannot be used to establish federal jurisdiction merely because Defendant believes he will be able to defend against the Complaint using its provisions. *Id.*

## CONCLUSION AND ORDER

Defendant's papers fail to establish this Court's subject matter jurisdiction to support removal of the unlawful detainer action. As such, this Court:

1. REMANDS to the Superior Court of Stanislaus County, pursuant to 28 U.S.C. § 1447(c), this and any other unlawful detainer action which Defendant attempts to remove to this Court; and

2. DIRECTS the clerk to take necessary action to remand this unlawful detainer action to the Superior Court of Stanislaus County.

**SO ORDERED**
**Dated: December 31, 2014**

                                              **/s/ Lawrence J. O'Neill**
                                              **United States District Judge**

---

[1] Notably, other federal courts have held that the Act merely "provides directives to state courts," rather than creates any special federal right of action. *Deutsche Bank*, 2010 U.S. Dist. LEXIS 83854, at *1 n.3.